UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MICHAEL and SYLVIA WHITTAKER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 4:18CV1048 HEA |
| | ) |
| CRST MALONE, INC. and | ) |
| ANDREW ATKINSON, | ) |
| | ) |
| Defendants. | ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter is before the Court on Defendants CRST Malone, Inc. and Andrew Atkinson's Motion to Dismiss Counts II and IV, [Doc. No. 5]. The Motion is unopposed, as Plaintiffs have not filed a reply and the time to do so has expired. For the reasons set forth below, the Motion is granted.

**Facts and Background**

This action arises from a traffic collision between a tractor-trailer driven by Defendant Atkinson and the vehicle in which Plaintiffs were travelling. In their Complaint, Plaintiffs allege negligence (Count I) and negligence per se (Count II) against Defendant Atkinson, and vicarious liability for Atkinson's negligence (Count III) and negligence per se (Count IV) against Defendant CRST Malone, Inc. For their negligence *per se* claims, Plaintiffs claim a statutory violation of RSMo. § 304.012.

Defendants move to dismiss Counts II and IV on the basis that negligence *per se* actions are improper as to RSMo. § 304.012, and therefore, Counts II and IV fail to state causes of action.

**Legal Standard**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

**Discussion**

"*Negligence per se* arises where the legislature pronounces in a statute what the conduct of a reasonable person must be, whether or not the common law would require similar conduct, and the court then adopts the statutory standard of care to define the standard of conduct of reasonable person." *Lowdermilk v. Vescovo Building and Realty Co., Inc.*, 91 S.W.3d 617, 628 (Mo. App. E.D. 2002) (internal citation omitted). Because negligence *per se* results from the violation of a statute,

2

the jury is instructed on the statutory standard of care rather than that of a reasonable person. *Id.*

Plaintiffs assert their negligence per se claims are based upon Defendant Atkinson's violations of RSMo. § 304.012. Generally, proof of a statutory traffic violation is sufficient to submit a claim of negligence *per se*. *Myers v. Morrison*, 822 S.W.2d 906, 911 (Mo. App. E.D. 1991) (Gaertner, C.J., concurring) (citing *Cowell v. Thompson*, 713 S.W.2d 52 (Mo. App. E.D. 1986); *Bentley v. Crews*, 630 S.W.2d 99 (Mo. App. E.D. 1981)). However, § 304.012 does not set out a statutory standard of care; rather, it provides that "[e]very person operating a motor vehicle on the roads and highways of this state shall drive the vehicle in a careful and prudent manner and at a rate of speed so as not to endanger the property of another or the life or limb of any person and shall exercise the highest degree of care." Missouri Courts have defined the highest degree of care "as that degree of care that a very careful person would use under the same or similar circumstances." *Crane v. Drake*, 961 S.W.2d 897, 901 (Mo. App. W.D. 1998) (quotation omitted). Section 304.012 does not indicate specific conduct that constitutes a violation, and does not set out a statutory standard of care. *Cisco v. Mullikin*, No. 4:11–CV–295 RWS, 2012 WL 549504, at *2 (E.D. Mo. Feb. 21, 2012). Plaintiff's negligence *per se* claims are fatally flawed and must be dismissed.

**Conclusion**

Based upon the foregoing analysis, the Motion to Dismiss Counts II and IV, [Doc. No. 5], is well taken.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts II and IV is **GRANTED**.

**IT IS FURTHER ORDERED** that Counts II and IV are dismissed

Dated this 26th day of February, 2019.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE